UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.

ATESCI LTD., a Turkish company,

    Plaintiff,

vs.

SARAC DISTRIBUTORS LLC, a Florida
limited liability company,

    Defendant.

_____/

## COMPLAINT

Plaintiff, ATESCI LTD., sues Defendant, SARAC DISTRIBUTORS LLC, and alleges the following:

### NATURE OF ACTION

1. This is an action for breach of contract under the United Nations Convention on Contracts for the International Sale of Goods; goods sold; account stated; and unjust enrichment in excess of $75,000, exclusive of interest, attorneys' fees, and costs.

### PARTIES

2. Plaintiff ATESCI LTD. ("Atesci" or "Plaintiff") is a company organized and existing under the laws of the Republic of Turkey with its regular and principal place of business located at Abdulkadir Geylani Caddesi No.: 18, 06374 Ostim, Yenimahalle, Ankara, Turkey. Atesci manufactures machinery for the manufacture of ammunition components and ammunition reloading supplies and equipment. Atesci previously manufactured ammunition.

3. Defendant SARAC DISTRIBUTORS LLC ("Sarac" or "Defendant") is a limited

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

liability company organized and existing under the laws of Florida with its regular and principal place of business located at 6391 Corporate Park Circle, Suite 1, Fort Myers, Florida 33966. Sarac represents itself, including on its social media pages, as an importer, distributor, and/or seller of firearms and ammunitions to dealers in the United States, including the state of Florida.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, because this action involves a claim for the violation of a treaty of the United States, and thus, the Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over the rest of the claims asserted herein because they form part of the same case or controversy as the CISG claim under Article III of the United States Constitution. In addition, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), because the Plaintiff is a citizen of the Republic of Turkey and the Defendant is a citizen of the state of Florida, and the amount in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees, and costs.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides and conducts business in the district. Additionally, venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and occurrences giving rise to the claims made in this action occurred within the district.

## GENERAL ALLEGATIONS

6. In or around April 2016, Defendant agreed to purchase from Plaintiff, and Plaintiff agreed to manufacture and sell to Defendant, 200,000,000 units of 9 x 19 mm full metal jacket ("FMJ") Luger bullets (the "Bullets")[1].

---

[1] True and correct copies of the Applications and Permits for Importation of Firearms, Ammunition and Implements of War Documents for the bullets in question are attached hereto at **Composite Exhibit A**.

7. As summarized in the table below, from in or around June 2016, to in or around May 2017, Plaintiff manufactured and delivered to Defendant, and Defendant received and accepted from Plaintiff, 22,407,405 Bullets with a value of $1,011,081.96, in ten (10) successive shipments:

| | Invoice Date | Invoice No. | Shipping Date | Quantity (Units) | Total Amount Payable Under Invoice (USD) | Complaint Exhibit[2] |
|---|---|---|---|---|---|---|
| 1 | June 30, 2016 (30.06.2016) | 26465 | July 1, 2016 (01.07.2016) | 2,955 | $ 124.11 | B |
| 2 | October 5, 2016 (10.05.2016) | 26082 | October 6, 2016 (10.06.2016) | 2,377,000 | 99,834.00 | C |
| 3 | November 24, 2016 (24.11.2016) | 073012 | November 25, 2016 (25.11.2016) | 2,500,000 | 113,750.00 | D |
| 4 | December 6, 2016 (06.12.2016) | 073016 | December 7, 2016 (07.12.2016) | 2,502,750 | 113,750.00 | E |
| 5 | February 8, 2017 (08.02.2017) | 073040 | February 11, 2017 (11.02.2017) | 2,500,000 | 113,750.00 | F |
| 6 | March 8, 2017 (08.03.2017) | 073045 | March 13, 2017 (13.03.2017) | 2,600,000 | 118,300.00 | G |
| 7 | March 20, 2017 (20.03.2017) | 073047 | March 27, 2017 (27.03.2017) | 2,400,000 | 109,200.00 | H |
| 8 | March 28, 2017 (28.03.2017) | 073053 | April 3, 2017 (03.04.2017) | 2,500,000 | 113,750.00 | I |
| 9 | April 13, 207 (13.04.2017) | 073059 | April 24, 207 (24.04.2017) | 2,524,700 | 114,873.85 | J |
| 10 | May 2, 2017 (02.05.2017) | 073064 | May 8, 2017 (08.05.2017) | 2,500,000 | 113,750.00 | K |
| | | | **TOTALS** | 22,407,405 | $ 1,011,081.96 | |

8. Defendant received all ten (10) shipments, or a total of 22,407,405 Bullets, from the Plaintiff.

---

[2] True and correct copies of the Shipping Documents, Bills of Lading, and Invoices for shipments one (1) to ten (10) are attached hereto at **Exhibit B through K**.

≡ BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

9. Defendant did not at any time object to any shipment of Bullets it received from Plaintiff.

10. In connection with each shipment, Plaintiff delivered to Defendant a corresponding Invoice stating, among other things, the "Amount Payable" for each shipment. The "Payment Term" of each Invoice specifies: "50% Advance Payment, 50% Before Shipment." A true and correct copy of the Invoice for each shipment is attached hereto at **Exhibit B through K**.

11. Defendant did not at any time object to any of the Invoices or the "Amounts Payable" thereunder.

12. The total "Amount Payable" for all Invoices delivered by Plaintiff to Defendant is $1,011,081.96.

13. On or about April 7, 2016, Defendant delivered to Plaintiff a payment in the amount of $100,000 for the entire "Amounts Payable" under the Invoices for the first shipment ($99,834.00), second shipment ($124.11), and a small portion of the third shipment ($31.89). A true and correct copy of the confirmation for the $100,000 payment wire transferred to the Plaintiff's Turkish bank account by the Defendant is attached hereto at **Exhibit L**.

14. On or about October 25, 2016, Defendant delivered to Plaintiff a payment in the amount of $30,000 for another portion of the "Amount Payable" under the Invoice for the third shipment. A true and correct copy of the confirmation for the $30,000 payment wire transferred to the Plaintiff's Turkish bank account by the Defendant is attached hereto at **Exhibit M**.

15. Since October 25, 2016, Defendant has refused or otherwise failed to make any additional payment to Plaintiff.

16. Thus, pursuant to the Invoices for the third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth shipments—each of which was accepted without objection or protest by the

BERGER SINGERMAN
1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

Defendant—Defendant currently owes Plaintiff the total amount of $881,081.96 as summarized in the table below:

| | Invoice Date | Invoice No. | Shipping Date | Quantity (Units) | Total Amount Payable Under Invoice (USD) | Total Amount Outstanding (USD) | Complaint Exhibit[3] |
|---|---|---|---|---|---|---|---|
| 1 | June 30, 2016 (30.06.2016) | 26465 | July 1, 2016 (01.07.2016) | 2,955 | $ 124.11 | $ 0.00 | B |
| 2 | October 5, 2016 (10.05.2016) | 26082 | October 6, 2016 (10.06.2016) | 2,377,000 | 99,834.00 | 0.00 | C |
| 3 | November 24, 2016 (24.11.2016) | 073012 | November 25, 2016 (25.11.2016) | 2,500,000 | 113,750.00 | 83,718.11 | D |
| 4 | December 6, 2016 (06.12.2016) | 073016 | December 7, 2016 (07.12.2016) | 2,502,750 | 113,750.00 | 113,750.00 | E |
| 5 | February 8, 2017 (08.02.2017) | 073040 | February 11, 2017 (11.02.2017) | 2,500,000 | 113,750.00 | 113,750.00 | F |
| 6 | March 8, 2017 (08.03.2017) | 073045 | March 20, 2017 (20.03.2017) | 2,600,000 | 118,300.00 | 118,300.00 | G |
| 7 | March 20, 2017 (20.03.2017) | 073047 | March 27, 2017 (27.03.2017) | 2,400,000 | 109,200.00 | 109,200.00 | H |
| 8 | March 28, 2017 (28.03.2017) | 073053 | April 3, 2017 (03.04.2017) | 2,500,000 | 113,750.00 | 113,750.00 | I |
| 9 | April 13, 207 (13.04.2017) | 073059 | April 24, 207 (24.04.2017) | 2,524,700 | 114,873.85 | 114,873.85 | J |
| 10 | May 2, 2017 (02.05.2017) | 073064 | May 8, 2017 (08.05.2017) | 2,500,000 | 113,750.00 | 113,750.00 | K |
| | | | TOTALS | 22,407,405 | $ 1,011,081.96 | $ 881,081.96 | |

17.     Despite Plaintiff's demand for payment, Defendant has refused or otherwise failed to pay all or any portion of the $881,081.96 amount due and payable to Plaintiff. *See, e.g.,* correspondence from Selçuk Özdemir, General Manager of Atesci, to Matt Saracoglu, principal of

---

[3] True and correct copies of the Invoices for shipments three (3) to ten (10) are attached hereto at **Exhibit D through K**.

BERGER SINGERMAN
1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

Sarac, dated October 24, 2017, demanding payment, a true and correct copy of which is attached hereto as **Exhibit N.**

18. On or about November 15, 2018, Defendant and/or its principal, Matt Sarac, represented to Plaintiff and/or its principals or agents that Defendant had sold all but 7,142,000, or approximately thirty percent (30%), of the 22,407,405 Bullets Plaintiff had delivered to the Defendant between in or around June 2016, to in or around May 2017. Defendant and/or Mr. Sarac also represented to Plaintiff that the value of the 7,142,000 was $371,384.00.

19. Plaintiff is informed and believes and thereon alleges that since November 15, 2018, Defendant has sold most, if not all, of the 7,142,000 Bullets that Defendant and/or Mr. Sarac represented to Plaintiff had not been sold as of that date.

20. Plaintiff has retained the law firm of Berger Singerman, LLP ("Berger Singerman") to represent it in this matter and has agreed to pay Berger Singerman reasonable attorneys' fees and costs for its services.

21. All conditions precedent to bringing this action have occurred or have been performed by Plaintiff or waived or excused by Defendant.

**COUNT I**
**(BREACH OF CONTRACT UNDER THE UNITED NATIONS CONVENTION ON CONTRACTS FOR THE INTERNATIONAL SALE OF GOODS)**

22. Atesci repeats, re-alleges, and incorporates the allegations set forth in paragraphs 1 through 21 above as if fully set forth herein.

23. Article 1 of the United Nations Convention on Contracts for the International Sale of Goods (the "CISG") provides, in pertinent part, "This Convention applies to contracts of sale of goods between parties whose places of business are in different States…when the States are Contracting States." CISG, Art. 1(1)(a).

6

BERGER SINGERMAN
1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

24. Atesci is a corporate entity organized and existing under the laws of the Republic of Turkey.

25. Sarac is a corporate entity organized and existing under the laws of the state of Florida.

26. Both the Republic of Turkey and the United States are "Contracting States" to the CISG.

27. Moreover, Article 11 of the CISG provides, "A contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form. It may be proved by any means, including witnesses." CISG, Art. 11.

28. Pursuant to Article 96, "A Contracting State whose legislation requires contracts of sale to be concluded in or evidenced by writing may at any time make a declaration in accordance with article 12 that any provision of article 11… that allows a contract of sale or its modification or termination by agreement or any offer, acceptance, or other indication of intention to be made in any form other than in writing, does not apply where any party has his place of business in that State." CISG, Art. 96.

29. Neither the Republic of Turkey nor the United States has made a declaration under Article 96 stating that the provisions of Article 11 which, as established above, provide that "[a] contract of sale need not be concluded in or evidenced by writing," "is not subject to any other requirement as to form," and "may be proved by any means," shall not apply where any party to the contract has its place of business in either the Republic of Turkey or the United States.

30. Accordingly, the CISG is applicable to the instant dispute between Atesci and Sarac.

31. The creation of a contract for the sale of goods between Atesci, as the "seller," and

BERGER SINGERMAN
1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

Sarac, as the "buyer," under the CISG is evidenced by, among other things: (a) the acts and intentions of the parties insofar as Sarac ordered the Bullets from Atesci, Atesci manufactured and shipped the Bullets ordered to Sarac, Sarac received and accepted the Bullets delivered by Atesci, Sarac tendered payment for a portion of the Bullets delivered by Atesci, and Sarac sold some or all of the Bullets it received from Atesci to third parties; and (b) the Invoices sent by Atesci to Sarac for each of the ten (10) shipments of Bullets which expressly state, in agreed upon and commercially reasonable terms, the quantity of Bullets shipped; the total price of the Bullets (*i.e.,* the "Amount Payable") at an agreed upon rate (*i.e.,* the unit price), and the "Terms of Payment," which specify the amount and time of payment of the "Amount Payable" under each Invoice. *See* Invoices at **Exhibits B through K.**

32. Atesci fully performed under the contract with Sarac by manufacturing, shipping, and delivering to Sarac Bullets of the quantity, quality and description ordered by Sarac and described in the Invoices and packaged in the manner described in the Invoices, Shipping Documents, and Bills of Lading. The Bullets delivered by Atesci to Sarac are free from any right or claim of a third party, including any rights based on industrial property or other intellectual property.

33. Sarac received and accepted the Bullets delivered by Atesci and never gave notice to Atesci of any lack of conformity with the Bullets it had ordered or described in the Invoices, Shipping Documents, or Bills of Lading.

34. Pursuant to Article 55 of the CISG, "The buyer must pay the price for the goods and take delivery of them as required by the contract and this Convention," and the buyer must also, pursuant to Article 59, "pay the price on the date fixed by or determinable from the contract and this Convention without the need for any request or compliance with any formality on the part

of the seller." CISG, Articles 55 and 59.

35. As set forth above, Sarac has failed or refused to pay Atesci the outstanding "Amounts Payable" under the Invoices for shipments three through ten, which collectively total $881,081.96.

36. Sarac's failure or refusal to pay the outstanding amounts constitute material breaches of contract under Articles 55 and 59 of the CISG.

37. As a result of Sarac's material breaches of its contractual obligations, Atesci has sustained and continues to sustain substantial monetary damages.

WHEREFORE, Plaintiff Atesci Ltd. hereby demands judgment against Defendant Sarac Distributors LLC for damages in an amount to be determined at trial but believed to include $881,081.96 for the balance due and owing under the Invoices for shipments three through ten, together with prejudgment interest, reasonable costs, and any such other and further relief as the Court and/or jury deems just and proper.

## COUNT II
## (GOODS SOLD AND DELIVERED)

38. Atesci repeats, re-alleges, and incorporates the allegations set forth in paragraphs 1 through 21 above as if fully set forth herein.

39. This cause of action by Atesci against Sarac for "Goods Sold and Delivered" is pled in the alternative to Count I ("Breach of Contract under the United Nations Convention on Contracts for the International Sale of Goods").

40. Atesci sold and delivered 22,407,405 Bullets to Sarac on the dates and amounts set forth in the Invoices attached hereto at **Exhibits B through K**.

41. Sarac received and accepted the 22,407,405 Bullets delivered by Atesci and never objected to their quality or lack of conformity with the Bullets described in the Invoices, Shipping

9

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

Documents, or Bills of Lading.

42. Nevertheless, Sarac has failed to tender all or a portion of the agreed upon purchase price or the reasonable value of the Bullets sold and delivered to it by Atesci in shipments three, four, five, six, seven, eight, nine, and ten.

43. Accordingly, Sarac owes Atesci the principal sum of $881,081.96, plus applicable interest, as a result of its failure to pay all or a portion of the agreed upon purchase price or the reasonable value of the Bullets sold and delivered to Sarac and Atesci in those shipments.

WHEREFORE, Plaintiff Atesci Ltd. hereby demands judgment against Defendant Sarac Distributors LLC for damages in an amount to be determined at trial but believed to include the balance due for goods sold and delivered to Sarac in the amount of $881,081.96, together with prejudgment interest, reasonable costs, and any such other and further relief as the Court and/or jury deems just and proper.

## COUNT III
## (ACCOUNT STATED)

44. Atesci repeats, re-alleges, and incorporates the allegations set forth in paragraphs 1 through 21 above as if fully set forth herein.

45. This cause of action by Atesci against Sarac for "Account Stated" is pled in the alternative to Count I ("Breach of Contract under the United Nations Convention on Contracts for the International Sale of Goods").

46. Prior to the institution of this action, Atesci and Sarac engaged in business transactions for the purchase and sale of goods, including, but not limited to, the Bullets.

47. In connection with the purchase and sale of the Bullets, Atesci rendered a series of Invoices to Sarac which specified the purchase price for each shipment of Bullets. True and correct copies of the Invoices are attached at **Exhibits B through K** and summarized in paragraphs

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

7 and 16 above.

48.     Sarac did not object to any of the Invoices rendered to it by Atesci, and therefore agreed to pay the purchase price stated in each such Invoice.

49.     Nevertheless, Sarac has failed to tender all or a portion of the purchase price stated in the Invoices for the third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth shipments of Bullets.  *See* Invoices at **Exhibits D through K** and paragraph 16 *supra.*

50.     Accordingly, Sarac owes Atesci the principal sum of $881,081.96, plus applicable interest, as a result of its failure to pay all or a portion of the of the purchase prices stated in the Invoices for those shipments of Bullets.

WHEREFORE, Plaintiff Atesci Ltd. hereby demands judgment against Defendant Sarac Distributors LLC for damages in an amount to be determined at trial but believed to include the principal amount of $881,081.96 for the balance due on the accounts stated in the Invoices for shipments three (3) through ten (10), together with prejudgment interest, reasonable costs, and any such other and further relief as the Court and/or jury deems just and proper.

## COUNT IV
## (UNJUST ENRICHMENT)

51.     Atesci repeats, re-alleges, and incorporates the allegations set forth in paragraphs 1 through 21 above as if fully set forth herein.

52.     This cause of action by Atesci against Sarac for "Unjust Enrichment" is pled in the alternative to Count I ("Breach of Contract under the United Nations Convention on Contracts for the International Sale of Goods").

53.     Atesci, conferred a benefit upon Sarac by delivering to Sarac 22,407,405 Bullets of the quantity, quality and description ordered by Sarac and described in the Invoices rendered by Atesci, with a total purchase price and/or reasonable value of $1,011,081.96.

BERGER SINGERMAN
1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

54. Sarac knowingly accepted and retained the delivery of the 22,407,405 Bullets of the quantity, quality and description ordered by Sarac and described in the Invoices, but without justification, has refused or failed to tender payment of the full purchase price and/or total value of the Bullets to Atesci.

55. Sarac, by knowingly accepting and retaining the 22,407,405 Bullets delivered by Atesci and refusing or failing to tender payment of the full purchase price and/or total value of the Bullets to Atesci, has been unjustly enriched.

56. It would be manifestly inequitable to permit Sarac to retain the benefit of the Bullets—including the ability to profit from selling them to third parties—without paying the full purchase price and/or total value of the Bullets to Atesci. Accordingly, Sarac should be ordered to pay Atesci $881,081.96 for the unpaid purchase price balance and/or unpaid value of the Bullets delivered to Sarac by Atesci.

57. Atesci seeks relief against Sarac under this cause of action because it has no adequate remedy at law.

WHEREFORE, Plaintiff Atesci Ltd. hereby demands judgment against Defendant Sarac Distributors LLC for damages in an amount to be determined at trial but believed to include the principal amount of $881,081.96 for the unpaid purchase price balance and/or unpaid value of the Bullets delivered to Sarac by Atesci, together with prejudgment interest, reasonable costs, and any such other and further relief as the Court and/or jury deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable in this civil action.

12

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

| | |
|---|---|
| Dated: January 16, 2020 | Respectfully submitted, |
| | BERGER SINGERMAN LLP |
| | 1450 Brickell Avenue<br>Suite 1900<br>Miami, FL 33131<br>Phone: 305-755-9500<br>Fax: 305-714-4384 |
| | By: _s/ Ricardo A. Gonzalez_<br>Paul Steven Singerman<br>Florida Bar No. 378860<br>singerman@bergersingerman.com<br>drt@bergersingerman.com<br>mdiaz@bergersingerman.com<br>Leonard K. Samuels<br>Florida Bar No. 501610<br>lsamuels@bergersingerman.com<br>Ricardo A. Gonzalez<br>Florida Bar No. 691577<br>rgonzalez@bergersingerman.com<br>fsellers@bergersingerman.com |